[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM
This matter presented itself on a Motion to Exempt from Wage Withholding, brought by the defendant, in which the defendant appeared, and the plaintiff did not appear. It is noted that the Motion is part of Judicial Department Form, JD-FN-68, Rev. 2-98, presumably mailed to the defendant by representatives of the Department of Social Services. There is no one present from the Department of Social Services, nor is there any Appearance on file from the Agency or the Office of the Attorney General.
This action was originally a dissolution of marriage. The parties were divorced on December 12, 1997, (Ballen, J.). Both parties were represented by counsel at the time. By the terms of the judgment, the defendant husband was ordered to pay One Thousand Dollars per month for child support, unallocated for two children, and a contingent wage withholding was ordered pursuant to C.G.S. Section 52-362.
The defendant testified that he has timely paid each and every one thousand dollar payment, and the Form, JD-FN-68, on file does not list any delinquency. The Court presumes that the form was filed in order to render the contingent wage withholding an immediate wage withholding, pursuant to June Special SessionP.A. 97-7, Sec. 28. The Department has, pursuant to the statute, implemented a wage withholding immediately, and has since garnished five hundred dollars of the defendant's wages, notwithstanding the fact that the defendant has previously paid CT Page 13946 the full monthly order. The defendant expects his next biweekly paycheck to be similarly garnished, creating a one thousand dollar overpayment for the month of November, which obviously effects his disposable income.
The defendant objects to the wage withholding due to the fact that he has been current on all of his obligations, and that his order was a monthly order, not a biweekly order, which the wage withholding has the effect of creating.
At the dissolution, the Court ordered a support order, payable monthly and a contingent wage withholding. In examining the facts of this case, the statute, P.A. 97-7, apparently grants an Administrative Agency the authority to modify the Order of a Superior Court Judge without a hearing, and to make a monthly support order a weekly order, and to turn a contingent wage withholding into an immediate withholding.
While not raised at the hearing, this procedure provided for by June Special Session P.A. 97-7, Sec. 28, which allows for a taking of income by withholding, prior to notice being received nor a hearing being granted to the defendant, raises serious Constitutional questions. "No person shall . . . be deprived of life, liberty, or property without due process of law . . .",U.S. Constitution, Article V; Constitution of the State ofConnecticut, Article XVII. The statute has the effect, in this particular case, of taking money from the defendant that is not yet due to the plaintiff, without a hearing and without any prior Judicial mandate. The Court is well aware of the public policy of the State to facilitate the collection of child support. However, the Court hears daily of the plight of non-custodial parents in their attempt to meet not only support obligations, but necessary obligations such as rent and car payments as well. The effect of this statute on the defendant in this particular case, who owes no arrearage and is faced with having one thousand dollars taken from him without a prior hearing, is grossly unfair. While further Constitutional scrutiny of this statute is warranted, it is beyond the scope of this pending Motion.
Since the income withholding in this case has had the effect of decreasing the amount of disposable income that the defendant has to spend on his children during his scheduled visitations, the Court finds under these circumstances that it is not in the best interests of the children to continue the income withholding in effect. CT Page 13947
Therefore, the income withholding is vacated, and an immediate income withholding is ordered with a 30 day stay, in that, if the defendant falls behind more than 30 days in his obligation to pay child support, the withholding may go into effect without further notice to him.
Paul Matasavage, Family Support Magistrate